IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Darryl Moring, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>State Automobile Mutual Insurance Company,<br><br>*Defendant*. | Case No. 3:24-cv-50361<br><br>Hon. Michael F. Iasparro |

## REPORT AND RECOMMENDATION

It is this Court's Report and Recommendation that non-parties Robinson Roofing and Sheet Metal, LLC and Lewis Robinson, Jr. be held in civil contempt. Any objection to this Report and Recommendation must be filed by August 15, 2025. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989). The Clerk is directed to serve Robinson Roofing and Sheet Metal, LLC and Lewis Robinson, Jr. with a copy of this Court's order by mailing this order to Lewis E. Robinson, Jr., Robinson Roofing and Sheet Metal, LLC, 34 Saugatuck Road, Montgomery, IL 60538.

## BACKGROUND

The Court certifies the following facts in accordance with 28 U.S.C. 636(e)(6)(B)(iii). On August 27, 2024, Defendant State Automobile Insurance Company ("Defendant") filed a Notice of Removal in this Court from the Circuit Court of Ogle County, Illinois, where Plaintiffs Darryl Moring and Martha Moring ("Plaintiffs") had filed a Complaint for breach of insurance contract against Defendant. Dkt. 1. The claim at issue arises from a wind event alleged to have damaged Plaintiffs' property on or about March 31, 2023. Dkt. 1-1. According to the Complaint, Defendant breached its insurance contract with Plaintiffs by failing to pay Plaintiffs for the full amount of damages, despite the cause of the loss and resulting damages at issue being covered by the terms and conditions of the insurance policy. Dkt. 1-1.

Within their Rule 26(a) disclosures, Plaintiffs disclosed their retained contractor associated with this claim, Robinson Roofing and Sheet Metal, LLC ("Robinson") as well as its corporate principal, Lewis Robinson, Jr. Dkt. 29. Documents produced by Plaintiffs revealed Robinson's handling and involvement of Plaintiffs' insurance claims, and Robinson's inspection of Plaintiffs' properties following the March 31, 2023 weather event at those properties. Dkt. 29.

On March 13, 2025, Defendant issued a subpoena for documents pertaining to Robinson's inspection, which carried a return date of April 3, 2025. *See* Dkts. 29, 29-4. Robinson and Mr. Robinson, Jr. evaded multiple attempts at service of the subpoena, advising the special process server that he would not arrange a time to accept service. Dkt. 29-4. Personal service was eventually effectuated on Robinson on March 21, 2025. Dkt. 29-3. Mr. Robinson, Jr. and

1

Robinson returned the cover letter, subpoena and subpoena rider issued to Robinson by Defendant to defense counsel's office via mail, with the word "REFUSED" handwritten on those materials. Dkt. 29-4. Upon receipt of that response, defense counsel wrote a letter to Mr. Robinson, Jr. advising that responses to the subpoena were still outstanding and that failure to tender documents responsive to the subpoena by May 21, 2025, would result in the filing of a motion for rule to show cause. Dkt. 29-5. After getting no response, Defendant filed a Motion for Rule to Show Cause on May 23, 2025. Dkt. 29.

The Motion for Rule to Show Cause against Robinson was set for hearing on July 1, 2025, with two copies of orders scheduling and confirming that hearing being sent to Robinson and Mr. Robinson, Jr. Dkts. 31, 34. On July 1, 2025, Robinson and Mr. Robinson, Jr. failed to appear for the hearing on Defendant's Motion for Rule to Show Cause. The Court ordered that a response that defense counsel had received to their mailing of the Court's June 6, 2025 minute entry to Robinson and Mr. Robinson, Jr. be filed with the Court. Dkts. 35, 37, 37-1 (evidencing a signed receipt by Mr. Robinson, Jr. and handwritten note stating, "Your offer to contract is not accepted! Rejected for fraud!").

Robinson and Mr. Robinson, Jr. were ordered to appear before this Court on July 23, 2025 at 10:00 a.m. to show cause why they should not be held in contempt for their refusal to comply with Defendant's document subpoena dated March 13, 2025. Dkt. 36. Copies of the orders entered on July 1, 2025 were mailed to Robinson and Mr. Robinson, Jr., and personally served on Mr. Robinson, Jr. Dkts. 36, 39. On July 21, 2025, the Clerk of Court received a mailing with a handwritten "Return to Sender" written on an envelope which contained a copy of the Court's July 1, 2025 minute entry and Rule to Show Cause. Dkt. 40-1. The words "Refused for fraud The offer(s) to contract are not accepted!" was handwritten on the minute entry contained in the envelope received by the Clerk. Dkts. 40, 40-1. Neither Robinson nor Mr. Robinson, Jr. appeared at the July 23, 2025 hearing on the Rule to Show Cause. Dkts. 41. At the July 23 hearing, Plaintiffs' counsel informed the Court and defense counsel that Plaintiffs were withdrawing Robinson and Robinson, Jr. from their Rule 26(a)(1) disclosures, and would be updating their disclosures with a new damages witness. This Court directed defense counsel to submit a status report detailing the incurred costs and fees associated with Robinson and Mr. Robinson, Jr.'s failure to comply with the subpoena for documents and subsequent court orders. *Id.* Defense counsel submitted an Itemization of Attorney Fees on July 30, 2025. Dkt. 42.

## DISCUSSION

A court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). A party must raise any objection to a subpoena before "the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). If the party does not submit a written objection, Rule 45(g) "does not require the court to first order compliance before imposing the sanction of contempt." *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 690 (7th Cir. 2010). Civil contempt is authorized pursuant to 28 U.S.C. § 1826(a). To find civil contempt requires the establishment of the following factors: "(1) the Order sets forth an unambiguous command; (2) [the alleged contemnor] violated that command; (3) [the] … violation was significant, meaning it did not substantially comply with the Order; and (4) [the alleged contemnor] failed to take steps to

reasonably and diligently comply with the order." *Prima Tek II, L.L.C. v. Klerk's Plastic Indus.*, 525 F.3d 533, 542 (7th Cir. 2008). "Whether an order is reasonably specific is 'a question of fact to be resolved with reference to the context in which the order is entered and the audience to which it is addressed.'" *Grove Fresh Distribs. V. John Labatt, Ltd.*, 888 F. Supp. 1427, 1437 (N.D. Ill. 1995) (internal citation omitted). The standard of proof for civil contempt is by clear and convincing evidence. *Id.* at 1436.

Robinson Roofing and Sheet Metal, LLC and Lewis Robinson, Jr. have failed to comply with Defendant's subpoena for documents and the Court's July 1, 2025, order enforcing it. Both the subpoena and the Court's order specifically instructed that Robinson Roofing and Sheet Metal, LLC and Lewis Robinson, Jr. were to comply with the subpoena and produce requested documents. This Court recommends that the District Court find that Robinson Roofing and Sheet Metal, LLC's and Lewis Robinson, Jr.'s failure to respond to the subpoena or the Court's order was a failure to comply with a "reasonably specific" court order. Pursuant to 28 U.S.C. § 636(e), a Magistrate Judge cannot enter an order finding and punishing contempt. Accordingly, it is this Court's report and recommendation that Robinson Roofing and Sheet Metal, LLC and Lewis Robinson, Jr. be held in contempt. Any objection to this Report and Recommendation must be filed by August 15, 2025. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989). The Clerk is directed to serve Robinson Roofing and Sheet Metal, LLC and Lewis Robinson, Jr. with a copy of this Court's order.

Date: August 1, 2025

ENTER:

_____
Michael F. Iasparro
United States Magistrate Judge